# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| RICHARD ERBY, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:23-cv-02298-SHM-tmp |
| STATE OF TENNESSEE, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

### ORDER DIRECTING PLAINTIFF STROUD TO FILE A PROPERLY COMPLETED *IN FORMA PAUPERIS* AFFIDAVIT OR PAY HIS PRO RATA SHARE OF THE CIVIL FILING FEE

On May 10, 2023, Plaintiffs (1) Richard Erby, (2) Robert L. Love, (3) Jerrahmiah J. Rankins, (4) Dangelo C. Reid, (5) Rodricus Brown, (6) LaTerrance Stewart, (7) Antonio Whitmore, Jr., (8) Jutarian D. Malone, (9) Lavell Pennington, and (10) Szumanki Stroud (collectively, the "Plaintiffs") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On August 8, 2023, the Court entered an Order Denying Motion to Proceed *In Forma Pauperis*; Directing Plaintiff to Comply with 28 U.S.C. § 1914(a)-(b) and § 1915(a); and Directing the Clerk to Send Forms to Plaintiffs. (ECF No. 4.) The Court explained that the plaintiffs were proportionately liable for the filing fee. (*Id.* at PageID 79.) Plaintiffs Love, Rankins, Reid, Brown, Stewart, Whitmore, Malone, Pennington, and Stroud were each ordered "to submit, within twenty-one (21) days after the date of this Order, either: (1) the Pro Rata Amount; or (2) a properly completed and executed § 1915(a)(2) application to proceed as a pauper, including (a) an in forma

pauperis affidavit and (b) certified copy of the Plaintiff's inmate trust account statement for the last six (6) months." (*Id.* at PageID 80, 82.)

On September 6, 2023, Plaintiff Stroud filed a motion for leave to proceed *in forma pauperis*. (ECF No. 5.) On September 28, 2023, he filed a letter notifying the Court of his recent release from jail and his new address. (ECF No. 6.)

Federal law provides that the clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee.[1] 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. *See, e.g., Reynolds v. Fed. Bureau of Prisons*, 30 F. App'x 574 (6th Cir. 2002); *Brogue v. Fort Knox Fed. Credit Union*, No. 96-1896, 1997 WL 242032 (6th Cir. May 8, 1997).

Therefore, Plaintiff Stroud is ORDERED to file a non-prisoner *in forma pauperis* affidavit or pay his pro rata share of the civil filing fee within thirty (30) days of the date of this order. The Clerk is directed to send Plaintiff Stroud a copy of the non-prisoner *in forma pauperis* affidavit along with this order and make a notation on the docket stating when the affidavit was mailed.

Plaintiff Stroud's failure to comply in a timely manner with this order will result in dismissal of Plaintiff Stroud from this action without further notice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

---

[1] The civil filing fee has increased from $402 to $405 since this action was filed.

IT IS SO ORDERED this 12th day of February, 2024.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE