IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICHARD ERBY, ET AL., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Case No. 2:23-cv-02298-SHM-tmp |
| STATE OF TENNESSEE, ET AL., | ) ) ) |
| Defendants. | ) ) ) |

**ORDER DISMISSING CERTAIN PLAINTIFFS WITHOUT PREJUDICE AND ASSESSING THE $402 CIVIL FILING FEE**

On May 10, 2023, Plaintiffs (1) Richard Erby, (2) Robert L. Love, (3) Jerrahmiah J. Rankins, (4) Dangelo C. Reid, (5) Rodricus Brown, (6) LaTerrance Stewart, (7) Antonio Whitmore, Jr., (8) Jutarian D. Malone, (9) Lavell Pennington, and (10) Szumanki Stroud (collectively, the "Plaintiffs") filed a pro se complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff Erby signed and filed a motion to proceed *in forma pauperis*. ("IFP Motion," ECF No. 2 at PageID 46.)

On August 8, 2023, the Court entered an Order Denying Motion to Proceed *In Forma Pauperis*; Directing Plaintiff to Comply with 28 U.S.C. § 1914(a)-(b) and § 1915(a); and Directing the Clerk to Send Forms to Plaintiffs. (ECF No. 4.) The Court explained that the plaintiffs were proportionately liable for the filing fee. (*Id.* at PageID 79.)

Plaintiffs Love, Rankins, Reid, Brown, Stewart, Whitmore, Malone, Pennington, and Stroud were each ordered "to submit, within twenty-one (21) days after the date of this Order, either: (1) the Pro Rata Amount; or (2) a properly completed and executed § 1915(a)(2) application

to proceed as a pauper, including (a) an in forma pauperis affidavit and (b) certified copy of the Plaintiff's inmate trust account statement for the last six (6) months." (*Id.* at PageID 80, 82.) The plaintiffs were warned,

> If any Plaintiff fails to comply with this Order, the Court will, without further notice, dismiss that Plaintiff as a party to the complaint for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). *See McGore*, 114 F.3d at 605.

(*Id.* at PageID 80.) The Court advised that, if any of these plaintiffs failed to comply with the Court's Order, the Court would "(1) deny leave for the non-complying Plaintiff to proceed *in forma pauperis*; (2) assess the entire four hundred dollar ($400.00) filing fee from the non-complying Plaintiff's inmate trust account without regard to the installment procedures; and (3) dismiss the non-complying Plaintiff's claims in the complaint, without further notice, for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)." (*Id.* at PageID 82-83.)

Plaintiffs Rankins, Brown, and Malone have not paid their pro rata shares of the filing fee or completed a § 1915(a)(2) application. They have failed to comply with the Court's August 8, 2023 order, and the period for compliance has expired. Plaintiffs Rankins, Brown, and Malone are hereby DISMISSED without prejudice from this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Notwithstanding these plaintiffs' dismissal, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d at 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Plaintiffs Rankins, Brown, and Malone cooperate fully with prison officials in carrying out this order.  It is further ORDERED that the trust fund officer at the prison of each plaintiff shall withdraw from their trust fund accounts the pro rata share of the $402 civil filing fee and forward that amount to the Clerk of this Court.  If the funds in a plaintiff's account are insufficient to pay the full pro rata share of the civil filing fee, the prison official is instructed to withdraw all the funds in the plaintiff's account and forward them to the Clerk of Court.  On each occasion that funds are subsequently credited to the plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the pro rata share of the civil filing fee is paid in full.  The trust fund officer is not required to remit any balances less than $10, unless that amount would constitute the final installment of the plaintiff's pro rata share, provided that any balance under $10 is held in custody for purposes of paying the plaintiff's pro rata share in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.  All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District Tennessee,
> 167 N. Main, Ste. 242, Memphis, TN  38103

and shall clearly identify the plaintiff's name and the case number as it appears on the first page of this order.

If the plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address.  If still confined, he shall provide the officials at the new prison with a copy of this order.  If the plaintiff fails to abide by these or any other

3

requirements of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on Plaintiff's ability to file future lawsuits in this Court, without additional notice or hearing.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts and to the administrator of the jail to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

It is also CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiffs Rankins, Brown, and Malone would not be taken in good faith.  Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.

IT IS SO ORDERED this 12th day of February, 2024.

        */s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE